## Hall *v.* Hall, Appellant.

*Debtor and creditor—Suit for money borrowed—Res adjudicata—Equity suit in partition.*

In an action of assumpsit to recover $500, the plaintiff alleged that he and defendant had purchased a farm for $5,000, that they placed a mortgage on the farm for $4,000, that the plaintiff had raised the remaining $1,000 by a mortgage on his own property, and that $500 of this sum was loaned to defendant to enable him to pay his share of the cash payment on the farm. Defendant averred that the transaction as to $500 was entirely different, and did not involve a loan. Prior to the bringing of the suit plaintiff had filed a bill in equity against the defendant for partition of the farm, and for an accounting of receipts and profits. After a master had been appointed the parties agreed out of court to a partition of the land, and mutual deeds were executed. The equity suit went on before the master, but only for an accounting of the rents, issues and profits of the land. The master refused, although requested by the plaintiff, to relieve the latter of $500 of the mortgage on the plaintiff's land. *Held,* (1) that the equity suit was not res adjudicata as to plaintiff's claim for $500, and (2) that on the conflicting evidence the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 14, 1913. Appeal, No. 114, April T., 1913, by defendant, from judgment of C. P. Beaver Co., April T., 1913, No. 11, on verdict for plaintiff in case of James W. Hall v. Joseph K. Hall. Before RICE, P. J.,

472  HALL *v.* HALL, Appellant.

Statement of Facts—Opinion of the Court.    [54 Pa. Superior Ct.

HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.
Affirmed.

Assumpsit for money loaned.   Before HOLT, P. J.

The facts are stated in the opinion of the Superior
Court.

Verdict and judgment for plaintiff for $538.12.   De-
fendant appealed.

*Errors assigned* were (1) in refusing to admit in evidence
the record of the equity suit mentioned in the opinion
of the Superior Court and (2) in overruling defendant's
motion for judgment n. o. v.

*James L. Hogan,* with him *C. B. McCarter,* for appellant.

*John A. Elliott,* for appellee.

PER CURIAM, July 16, 1913:

This action of assumpsit was brought to recover $500,
with interest, alleged to have been loaned to the defendant
by the plaintiff.   In support of his claim the plaintiff in-
troduced evidence on the trial that they bought a farm, as
tenants in common, for $5,000, that they raised $4,000
of the purchase price by a mortgage on the farm, and
that the remaining $1,000, was raised by a mortgage which
the plaintiff gave on his separate and individual property.
The plaintiff testified, in substance, that each was to be
half owner of the purchased premises and was to pay half
the purchase money, and, while he was unable to repeat
the exact words of the arrangement, he testified that the
substance of it was that the defendant was to repay him
one-half the $1,000, advanced by him when they paid for
the farm.   It further appears that the $4,000 mortgage
has been paid, but the defendant refuses to pay the
$500 to the plaintiff, alleging that the money was ad-
vanced by the latter under an entirely different arrange-
ment, which did not involve a loan.   The evidence was
conflicting, but it is worthy of note that the plaintiff's al-

legation was to some extent corroborated by the fact that, until the partition hereafter referred to, the defendant paid interest on $2,500, one-half the entire purchase money. We are of opinion that there was sufficient evidence to carry the question of loan to the jury, and therefore the court committed no error in refusing the defendant's point for binding direction, and his subsequent motion for judgment n. o. v.

It appears that before this action was brought the plaintiff filed a bill in equity against the defendant, in which he averred that each was owner of an undivided half of the farm; that he desired, if the land could not be divided according to their respective interests, that the same be sold and the proceeds divided equally between them; that the defendant had been tilling the land and had refused to account for the proceeds, receipts and profits. The prayers were for partition and for the settlement of an account between the parties for proceeds, receipts and profits. In default of appearance and answer, the court, upon motion of plaintiff's counsel, decreed that the bill be taken pro confesso and that partition be made of the land in proportion to their respective interests, and referred the cause to a master to divide and partition the land into purparts, to value the same, ascertain the amounts that shall be paid or charged thereon for owelty, and finally "to determine the amount due your orator for his share of the proceeds, rents and profits of the real estate." Speaking of this proceeding, the learned trial judge says: "A master was appointed, and after the taking of some testimony the plaintiff and defendant entered into an agreement outside of court for partition and division of the said real estate, and they executed deeds to each other for their respective purparts of the land, and the case proceeded before the master for the purpose of adjusting the matter of the rents, issues and profits between the parties. A final decree was made and entered upon the report of the master. Counsel for the defendant offered the record in the equity proceedings for the purpose

of showing that the matter involved in this suit was involved in that suit, or should have been involved in it, and was, therefore, res adjudicata. The offer was objected to, and the objection was sustained, upon the ground that the subject-matter of the equity suit, so far as the land itself was concerned, was withdrawn from the consideration of the master and adjusted by the parties themselves out of court. From that time forward the case proceeded as if the suit had been brought originally for an accounting of the rents, issues and profits of the land. It is true that the plaintiff in this proceeding asked the master to relieve the individual property of the plaintiff from the payment of a mortgage of $1,000, which had been given at the time of the purchase of the land mentioned in the partition proceedings, $500 of which constituted the $500 advanced for the benefit of the defendant by the plaintiff and which constitutes the subject-matter of this present suit; but the master declined to go into that matter, for the reason that the mortgagee was not in court, and that the master was without jurisdiction. Counsel for the defendant now take the position that the $500 advanced by the plaintiff for the defendant at the time the land was purchased should have been adjusted in the equity suit." Whether the equity suit was in condition for reference to a master is a question we need not consider or discuss, but it is appropriate to refer to the recent cases of Lincoln v. Africa, 228 Pa. 546, and Lincoln v. Wakefield, 237 Pa. 97, as bearing upon that question of practice. It is sufficient, for present purposes, to say that, in view of the action of the parties whereby they took the partition of the land into their own hands, the court was right in holding that thereafter the jurisdiction of the master was confined to the ascertainment of the rents, issues and profits, and that the decree confirming his report, which was confined exclusively to those matters, was not such an adjudication as barred the present action for money loaned.

The assignments of error are overruled and the judgment is affirmed.